Per Curiam.
The complainant filed his bill to be relieved against a judgment at law, in which he states that he was in partnership with one Anson Cowles, in erecting a saw-mill; *729 that a settlement and dissolution of the firm took place, and Cowles agreed to pay all the debts, the debt to the respondent being one of them — that the note on which this judgment was recovered, was executed after the settlement, but antedated, and the signature of Leggett & Cowles attached to it, without authority from complainant. It is also alleged that respondent knew that Cowles had undertaken to pay all the debts of the firm, and did not object. By an amended bill it is alleged that complainant did not come to the knowledge of the material facts until after the judgment at law. A demurrer was sustained to this bill, and it was dismissed.
The grounds relied on are, that Morris was bound to look to Cowles, who hád agreed to pay aíl the debts; and that the note was made by Cowles, in the name of the firm, without authority, and antedated.
The making and antedating of the note are the only questions which could have discharged the complainant, and they were properly triable at law. The complainant was in court, contesting the suit, but never even raised this question as a defence; ánd his excuse is, that he did not come to the knowledge of these facts until it was too late to use them on the trial. This showing is not sufficient. In the case of Miller v. Gaskins, S. & M. Ch. R. 524, Chancellor Buckner held a similar allegation to be insufficient. He said, “it is not sufficient that the defendant did not know of the grounds of defence at the time of trial; it must appear that he could not have obtained such knowledge by the use of ordinary diligence.” The complainant does not allege that he made any effort to ascertain the consideration of the note, or the time or manner of its execution. As it was made by his partner, it is surprising that some inquiry was not made as to its consideration.
The decree must be affirmed.